**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10414 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:17-cr-01724-CKJ-JR-1 |
| MARIAH YOLANDA RIZZO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted March 4, 2021**
Phoenix, Arizona

Before:  BEA and BUMATAY, Circuit Judges, and CARDONE,*** District Judge.

Mariah Rizzo appeals her convictions for transportation of illegal aliens and

conspiracy to transport illegal aliens for profit.  Rizzo pleaded guilty to the charges

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

in a conditional plea agreement that permitted her to appeal the district court's denial of her motion to suppress evidence acquired when Border Patrol agents conducted two traffic stops of Rizzo in the same day. Although she claimed that both traffic stops lacked reasonable suspicion, the district court denied her motion to suppress the evidence. Rizzo now appeals the district court's ruling.

We review the denial of a motion to suppress de novo but accept the underlying factual findings unless they are clearly erroneous. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008). We affirm.[1]

Reasonable suspicion exists when an officer is aware of specific articulable facts that, together with rational inferences drawn from them, reasonably warrant a suspicion that the individual to be stopped is, or has been, engaged in criminal activity. *United States v. Cortez*, 449 U.S. 411, 416 (1981) (discussing *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975)). Reasonable suspicion supports the first traffic stop. The record shows that Rizzo drove north on State Route 90 and conducted a U-turn immediately before a Border Patrol checkpoint, after passing 11 opportunities to turn around, as well as a sign indicating the checkpoint was open. After the U-turn, Border Patrol agents followed Rizzo as she took a strange route south, then east, away from population centers and the vehicle's registration address.

---

[1] We grant Rizzo's request for judicial notice of a Google map of southern Arizona, Docket No. 10, *see United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012), and grant her request to extend a deadline for briefing, Docket No. 40.

Border Patrol agents also knew that license plate data indicated that the vehicle had been driven in the area multiple times, suggesting the driver was not lost. While Rizzo contests this reading of the data, the agents were entitled to make that reasonable inference. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002) (requiring courts to give "due weight" to law enforcement agents' factual inferences (simplified)). As the district court held, the totality of this evidence suffices to constitute reasonable suspicions for the first traffic stop.

Rizzo's arguments to the contrary fail. First, her assertion that the U-turn cannot contribute to a finding of reasonable suspicion is incorrect. To be sure, a turnaround on a highway may contribute to reasonable suspicion only when combined with other suspicious facts. *United States v. Montero-Camargo*, 208 F.3d 1122, 1137–38 (9th Cir. 2000) (en banc). But such additional facts were present here, as Rizzo passed 11 opportunities to turn around, turned only after passing a sign indicating that the checkpoint was open, and subsequently took a route appearing inconsistent with innocently missing an exit or returning for gas or another nearby destination. *Id*. at 1139 (holding reasonable suspicion supported a traffic stop when vehicles made U-turns on a highway while hidden from view of border officials, then stopped at a location historically used for illegal activities before continuing).

3

Rizzo's assertion that driving on a paved, public highway was not inherently suspicious misses the mark as well. While the defendant's presence on public highway only minimally contributed to reasonable suspicion, where "substantially all" the traffic was lawful, *United States v. Sigmond-Ballesteros*, 285 F.3d 1117, 1124 (9th Cir. 2002) (simplified), the agents did not base their suspicions on Rizzo's presence on a public highway alone. Rather, the agents observed her U-turn immediately before the Border Patrol checkpoint and her unusual route. *See United States v. Tiong*, 224 F.3d 1136, 1140 (9th Cir. 2000) (holding that using an unusual or erratic route may contribute to a finding of reasonable suspicion).

Rizzo's U-turn, combined with her unusual route and unlikelihood of being lost, provided reasonable suspicion for the agents to conduct the first stop. Because Rizzo's objections to the second stop are based purely on the unconstitutionality of the first stop, those arguments also fail.

**AFFIRMED**.